## In Re Anonymous No. 38 D.B. 79

Disciplinary Board Docket No. 38 D.B. 79.

To The Honorable Chief Justice and Justices of The Supreme Court of Pennsylvania

CURRAN, Member, December 15, 1983 — Pursuant to Pennsylvania Rule of Disciplinary Enforce-

ment 208(d), the Disciplinary Board of the Supreme Court of Pennsylvania (board) submits its findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

## I. HISTORY OF PROCEEDINGS

The Office of Disciplinary Counsel filed a petition for Discipline against [      ], Esq. respondent on June 2, 1980. The petition alleged violations of D.R. 1-102(A)(3), D.R. 1-102(A)(4), and D.R. 1-102(A)(6) in connection with an indictment filed against respondent with the United Stated District Court of the Western District of Pennsylvania, No. [      ], Criminal. Respondent filed no answer to the petition for discipline. A hearing was held on March 16, 1983 before hearing committee [      ]. Neither respondent, nor his representative, appeared before the hearing committee so that all evidence submitted by petitioner was admitted without objection.

The opinion of the hearing committee was filed on August 22, 1983. The committee determined that the Respondent has violated:

1. D.R. 1-102(A)(3) — deliberately participating in illegal conduct for the purpose of furthering his own financial interest(s);
2. D.R. 1-102(A)(4) — dealing with conduct involving dishonesty, fraud, deceit, or misrepresentation; and
3. D.R. 1-102(A)(6) — dealing with conduct adversely reflecting upon a lawyer's fitness to practice law.

The hearing committee recommended that respondent be disbarred.

## II. STATEMENT OF FACTS

On April 19, 1979, an indictment was filed against respondent in the United States District Court for the Western District of Pennsylvania, No. [ ], Criminal. This indictment charged Respondent with 11 counts of mail fraud, in violation of Title 18, United States Code, §1341, and one count of conspiracy to commit mail fraud, in violation of Title 18, United States Code, §371, as set out with specificity in the indictment.

On October 1, 1979, respondent was found guilty of 11 counts of mail fraud and one count of conspiracy to commit mail fraud.

On October 15, 1979, Chief Justice Michael J. Eagen of the Supreme Court of Pennsylvania ordered that respondent be forthwith suspended from the practice of law in this Court and in all courts under the supervisory jurisdiction of the Supreme Court of Pennsylvania until further order of this court. He ordered further that this matter be referred to the Disciplinary Board of the Supreme Court of Pennsylvania from the institution of a formal proceeding, before a hearing committee, pursuant to Rule 214(c) of the Rule of Disciplinary Enforcement.

Respondent, [ ], was admitted to practice in 1968. From October, 1970 to the end of 1976, respondent entered into a conspiracy with a physician, [A], M.D., to defraud and to obtain money from various insurance companies.

Under this scheme respondent would refer certain of his clients with personal injury claims to Dr. [A], who as the attending physician would furnish respondent with bills that exaggerated the seriousness of the client's injury and the extent of medical treatment provided by the doctor.

These bills respondent used to increase the claims made to the insurance companies. Respondent then retained a portion of the proceeds received at settlement for his own use.

The instant matter is respondent's fourth appearance before the Disciplinary Board.

In June, 1978, respondent had been publicly censored by the Supreme Court for conduct involving dishonesty, fraud, deceit and misrepresentation and for failing to withdraw after being discharged by his client.

In November, 1979, respondent was delivered an informal admonition after it was found that he neglected a legal matter entrusted to him, failed to return a fee after withdrawing from a case, and failed to return to the client property due him.

## III. DISCUSSION

The hearing committee expressed its deep concern over respondent's "continued propensity and willingness to practice deceit and fraud." The committee found that respondent had established a pattern of professional misconduct and disregard for both the Rules of Disciplinary Enforcement and those of the State and Federal governments.

During 7 of the 11 years, respondent practiced law in Pennsylvania, from the time of his admission to the bar to his suspension in 1979, respondent committed an act or acts which violated the Code of Professional Responsibility.

The hearing committee was impressed by the fact that the violations committed by respondent transcend those which may be unintentional or which may have been the result of an oversight on the part of respondent. Respondent's actions, in the opinion of the hearing committee, were willful, deliberate,

and calculated. The committee concluded that the conduct of respondent was tainted with "dishonesty, fraud, and deceit contemplated under Disciplinary Rule 1-102(A)(4)" and that respondent's misconduct involved the moral turpitude described in Disciplinary Rule 1-102(A)(3).

The hearing committee found respondent was motivated by his own selfish and criminal interests.

The sentences imposed by the United States District Court, underscore the deep concern felt by the court for the impact of respondent's conduct upon society and his clients. The hearing committee concluded that respondent's actions adversely reflected upon his fitness to practice law, so that they also found respondent to be in violation of Disciplinary Rule 1-102(A)(6).

It was the recommendation of the hearing committee that respondent be disbarred. Respondent's long continued course of Disciplinary infractions of ever increasing severity indicates that respondent is no longer fit to practice law and requires that action be taken in order to safeguard the public from what would almost certainly be continued improper activities of respondent. His extensive history of disciplinary proceedings indicates that he is not one to be deterred by sanctions which permit him to continue the practice of law. Respondent's professional misconduct throughout the course of his career is more than sufficient reason for respondent to be prevented from continuing to appear before the courts of the Commonwealth of Pennsylvania. The Disciplinary Board after careful consideration of this matter reached a unanimous conclusion.

## IV. RECOMMENDATION

The board respectfully recommends to your honorable court that respondent, [    ], Esq., be

disbarred: further that costs are to be paid by respondent.

## ORDER

NIX, C.J., and now, this January 20, 1984, the recommendation of the Disciplinary Board dated December 15, 1983, is accepted, and it is ordered that [respondent] be and he is disbarred from the Bar of this Commonwealth, and he shall comply with all the provisions of Rule 217, Pa.R.D.E. It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.